J. H. HOWARD *v.* H. B. DICKSON.

[62 South. 644.]

APPEAL AND ERROR. *Review. Findings of chancellor. Sufficiency of evidence.*

On appeal to the supreme court the findings of the chancellor in the court below will be sustained unless appellant shows that there was not sufficient evidence to support the findings of the chancellor and that he was manifestly wrong.

APPEAL from the chancery court of Forest county.
HON. T. A. WOOD, Chancellor.

Suit by H. B. Dickson against J. H. Howard. From a decree for complainant, defendant appeals.

The facts are fully stated in the opinion of the court.

*Stevens, Stevens & Cook,* attorneys for appellant.

*S. E. Travis, Currie & Smith* and *Tally & Mason,* attorneys for appellee.

REED, J., delivered the opinion of the court.

Appellant and appellee were husband and wife. They then lived in Hattiesburg. Appellant acquired real estate there. Their marriage was a failure. They came to the parting of their ways. Shortly before their separation appellant had an attorney prepare six instruments in connection with his disposition of his real property. They were: (1) Deed conveying his homestead; (2) deed in trust from the purchaser, securing the deferred payments; (3) deed to W. R. Wood and wife, conveying another house and lot; (4) deed of trust from Wood and wife, securing deferred payments on purchase price; (5) deed from appellant to appellee, conveying his interest in the building and lot called the "drug store property;" and (6) deed from appellee to appellant, reconveying to him the interest in the drug store property.

Appellant claims that he executed the deed to his wife in order that she should have something for her support after their separation, and upon the agreement with her that she would give him a deed reconveying the property, which he was to hold, and which was to become effective upon her remarriage. Appellee denies this, and testified that she was unwilling to join in the deed to the homestead, and only consented to do so upon her husband's agreeing to convey to her his interest in the drug store property, and that the conveyance to her was absolute, and not upon any condition or reservation. She

stated that at the time of the signing by her of the several papers, the deeds to the homestead, to Wood and wife, and to her husband, she did not read any of the instruments; but, after her husband's assurance of his execution of the deed to her conveying the drug store property, she had confidence in his carrying out his promise, and, trusting him, signed the several papers placed before her, without knowing what she was signing, and then believing that she was only executing deeds to the homestead and to Wood and wife. She asserts that she signed the deed reconveying the property to her husband unwittingly and unintentionally, and charges that he deceived and attempted to defraud her in procuring her signature.

After the execution of the several deeds, which occurred at the same time, appellant and appellee removed to Holly Springs. They remained there for a short while, and then finally separated. Appellant did not deliver to appellee her deed until they had resided for a time at Holly Springs. She never retained in her possession the deed from her to her husband. After the separation, appellee conveyed her interest in the drug store property to her father. Later she obtained a divorce from appellant, in which proceeding no alimony was sought. After her remarriage to Dickson, her father reconveyed the property to her. As soon as appellant learned of appellee's marriage, he filed the deed from her, which he had in his possession. Thereupon appellee filed her bill in equity to cancel the deed. After fully hearing the case, the chancellor held that the deed from appellee to appellant was fraudulent and void, and entered his decree annulling and canceling the same.

We are asked by appellant in this appeal to reverse the chancellor, because his decree is not supported by the law nor the facts. We do not find any error of law herein. A review of the record fails to show us that the chancellor was manifestly wrong in his decision on the facts. There was a conflict between the testimony of appellee

and appellant.   It appears that the testimony of several witnesses corroborated the statements of appellee, and we can see the chancellor could have well decided that the circumstances in the case tended also to corroborate appellee's version of the disposition of the drugstore property.   In this appeal, it is incumbent upon appellant to show us that there was not sufficient evidence to support the findings of the chancellor and that he was manifestly wrong.   This has not been done.   We will therefore not disturb his decree.

*Affirmed.*